UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 11-260(1)(DSD/LIB)

United States of America,

       Plaintiff,

v.                                                           **ORDER**

Jeremy Dionne Norvell,

       Defendant.

    Allan A. Slaughter, Jr., Assistant U.S. Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

    Jeremy Dionne Norvell, Reg. No. 16059-041, F.C.I. Florence, P.O. Box 6000, Florence, CO 81226, pro se.

This matter is before the court upon the pro se motion by defendant Jeremy Dionne Norvell to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Based upon a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion and denies a certificate of appealability.

**BACKGROUND**

The complete background of this action is fully set out in the court's previous orders dated April 26, 2012, and September 4, 2012, and the court recites only those facts necessary for disposition of the instant motion. On August 17, 2011, Norvell was indicted on one count of possession with the intent to distribute

opana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  On December 5, 2011, the government issued a superseding indictment, which added a charge for conspiracy to distribute oxycodone, oxymorphone, and marijuana and separated the alleged drug distribution occurrences into individual counts.  See ECF No. 44.  On February 6, 2012, a second superseding indictment was issued, and the government filed an information to enhance Norvell's sentence.  See ECF Nos. 74, 76.

The parties engaged in plea negotiations for many months, and those negotiations intensified following the second superseding indictment.  Norvell, through his then-attorney Kevin Cornwell, demanded changes to the plea agreement offered by the government.  Among other things, Norvell refused to stipulate to facts regarding his high-speed flight from law enforcement in Pine County on April 27, 2011, for which he faced separate state charges.  The stipulation would have allowed the government to seek a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1.  See Gov't Ex. 10, ¶ 7g.[1]  Norvell was concerned that the stipulation would have an adverse impact on the pending state proceedings.  See Gov't. Ex. 12.  After conferring with Norvell, Cornwell proposed that the government remove any reference to the April 2011 incident and instead try to establish obstruction of justice based on

---

[1] The government exhibits referenced are those offered during the sentencing hearing.

Norvell's attempt to flee law enforcement at the time of his arrest on June 8, 2011. See id.; Second Cornwell Aff. ¶ 19. The government agreed to this modification and revised the plea agreement to include the following provision:

> The Defendant is informed that the Government believes a 2-level increase is applicable because Defendant willfully obstructed or impeded the administration of justice. U.S.S.G. § 3C1.1. The Parties agree that no other Chapter 3 adjustments are applicable, except for acceptance of responsibility.

Gov't Ex. 14, ¶ 7g.

On February 17, 2012, Norvell pleaded guilty to count one of the second superseding indictment, charging him with conspiracy to distribute oxycodone, oxymorphone, cocaine, and marijuana. ECF No. 82. The executed plea agreement included the above-quoted language. See ECF No. 83, ¶ 7g. At the plea hearing, Norvell acknowledged his understanding that a two-level increase for obstruction of justice could apply:

> Q:   The government outlines that we think that you might be eligible for what's called a two-level increase to that base offense level of 30, and that it's applicable because you, in our opinion, willfully obstructed or impeded the administration of justice, do you understand that?
>
> A:   I do, sir.

Plea Hr'g Tr. at 15; see also Second Cornwell Aff. ¶ 20 ("[P]etitioner without doubt knew that an 'obstruction' enhancement based on the June 8, 2011, arrest facts could apply to (and thereby increase) his overall Guidelines sentence."). Norvell also

3

acknowledged that he faced as many as 188 months' imprisonment. Plea Hr'g Tr. at 17; ECF No. 83, ¶ 7l. He also agreed to waive his appeal rights if the court sentenced him to at or below 188 months. Plea Hr'g Tr. at 19; ECF No. 83, ¶ 10. As contemplated by the plea agreement, the presentence investigation report (PSR) included a two-level increase for obstruction of justice:

> During the course of his arrest [on June 8, 2011], the defendant backed into a law enforcement vehicle in an attempt to flee.  A second police officer struck the defendant's vehicle given his history of fleeing police, and significant damage was incurred.  Because the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, the offense level is increased by 2 levels.  § 3C1.2.

PSR ¶ 30. Notable to this motion, the PSR relies on § 3C1.2 for the enhancement, rather than § 3C1.1, which is set forth in the plea agreement. The PSR does not specifically reference the April 2011 Pine County incident, nor does it recommend a further increase based on that incident.[2]

Norvell objected to the enhancement on the basis that it improperly referenced the Pine County incident.  PSR at A.2. Norvell also argued that in the event the enhancement related to his June 8, 2011, arrest, the enhancement should not apply because he did not realize that he struck a police officer during his attempt to flee.  Id.  Norvell did not object to the PSR's

---

[2] The PSR also recommended a three-level decrease for acceptance of responsibility, which the court declined to apply. PSR ¶ 31; Sent. Tr. at 123.

4

reference to § 3C1.2 in place of § 3C1.1.  See id.  The probation officer responded that the enhancement related to the June 8, 2011, incident and that she did not consider Norvell's alleged conduct on April 27, 2011, in applying the enhancement.  Id.  Norvell did not address the enhancement in his sentencing papers.  See ECF No. 146.

At sentencing, the court held an evidentiary hearing on the enhancement.  The government elicited testimony from the arresting officers regarding Norvell's conduct on the day of his arrest - June 8, 2011.  Sent. Tr. at 4-62.  The court concluded that a two-level increase under § 3C1.2 was warranted because Norvell "at a minimum, recklessly created a substantial risk of death or serious bodily harm - or bodily injury to another person in the course of fleeing from a law enforcement officer."  Sent. Tr. at 121-22.  The court determined that the total offense level was 32, Norvell's criminal history category was three, and his imprisonment range was 151-188 months.  Sent. Tr. at 124-25.  The court sentenced Norvell to 188 months' imprisonment.  ECF No. 153.  Norvell brought an unsuccessful appeal on grounds unrelated to the instant motion. See United States v. Norvell, 729 F.3d 788 (8th Cir. 2013).

On June 19, 2014, Norvell filed a motion under § 2255, arguing that his constitutional rights were violated because the government breached the plea agreement by advocating for an enhancement under § 3C1.2, rather than § 3C1.1.  Norvell also argues that his trial counsel was constitutionally ineffective for failing to object to

the government's breach and that his appellate counsel was ineffective for failing to raise the issue on appeal and in failing to address his trial counsel's incorrect computation of his criminal history score.

## DISCUSSION

Section 2255 provides a federal inmate with a limited opportunity to challenge the constitutionality, legality, or jurisdictional basis of a sentence imposed by the court.  This collateral relief is an extraordinary remedy, reserved for violations of constitutional rights that could not have been raised on direct appeal.  United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).  When considering a § 2255 motion, a court may hold an evidentiary hearing.  See 28 U.S.C. § 2255(b).  A hearing is not required, however, when "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."  Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (citation and internal quotation marks omitted).  Here, no hearing is required.

### I.   Government's Breach of Plea Agreement

Norvell argues that the government breached the plea agreement by advocating for a two-level enhancement under § 3C1.2, instead of

§ 3C1.1. The government acknowledges that a technical breach of the plea agreement occurred, but argues that the breach was immaterial and thus did not rise to the level of a due process violation. The court agrees.

"After the district court has accepted a guilty plea, the government's material breach of the plea agreement violates the defendant's due process rights." United States v. Mosley, 505 F.3d 804, 809 (8th Cir. 2007). To warrant relief, "the breach must be material or substantial, and not merely technical." United States v. Steward, No. 04-218, 2008 WL 906796, at *6 (D. Minn. Apr. 2, 2008). Because Norvell failed to allege a breach at sentencing, the court reviews his challenge for plain error. United States v. Jensen, 423 F.3d 851, 854 (8th Cir. 2005); see also Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."). Under the plain error test, Norvell must establish: (1) an error, (2) that is plain, and (3) that affects substantial rights. Jensen, 423 F.3d at 854. If all three conditions are met, the court "may remedy the error only if it 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" Id. (citation omitted). When the government breaches a plea agreement, "a defendant's substantial rights are

affected if his sentence is longer than it should have been under the plea agreement." United States v. Granados, 168 F.3d 343, 346 (8th Cir. 1999); see also Jensen, 423 F.3d at 854.

Here, although there was admitted plain error given the discrepancy between the plea agreement and the basis for the two-level enhancement at sentencing, the error did not affect Norvell's substantial rights.  First, the plea negotiations and plea agreement establish that Norvell understood he was facing a two-level enhancement for attempted flight on the day of his arrest.[3] The plea colloquy, PSR, and sentencing hearing are consistent with that understanding.  Second, Norvell was not denied his due process rights.  The court applied the enhancement after holding an evidentiary hearing, during which Norvell's counsel cross-examined the government's witnesses and argued against application of the enhancement.  Third, the plea agreement's reference to § 3C1.1, rather than § 3C1.2, did not result in a longer sentence than contemplated by the plea agreement.  The plea agreement expressly reserved the government's right to seek a two-level enhancement and anticipated a possible 188-month sentence.  Further, the court noted that it would have imposed the same sentence even if it had

---

[3] The record establishes that Norvell 's pre-plea concerns with the enhancement related solely to its factual basis. Specifically, Norvell did not want the April 2011 incident mentioned in the plea or included in the sentencing proceedings. Second Cornwell Aff. ¶¶ 6, 17, 19-21.  The government honored this aspect of the plea agreement.

sustained Norvell's objection to the enhancement. Sent. Tr. at 129-30. Under these circumstances, the government's technical breach of the plea agreement did not affect Norvell's substantial rights. Cf. United States v. Fowler, 445 F.3d 1035, 1038 (8th Cir. 2006) (concluding that the government materially breached the plea agreement when it advocated for career offender status during sentencing proceedings, which increased the agreed-upon offense level); United States v. DeWitt, 366 F.3d 667, 670 (8th Cir. 2004) (finding a material breach when the government elicited evidence regarding uncharged criminal activity that increased the offense level contemplated in the plea agreement). Moreover, although not ideal, the breach did not affect the fairness or integrity of the proceedings. As a result, Norvell is not entitled to relief on this basis.

**II.  Ineffective Assistance of Counsel**

Norvell argues that his counsel at sentencing and on appeal were constitutionally ineffective. To show that he received ineffective assistance of counsel, a movant must meet both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668, 694 (1984). See United States v. Williams, 562 F.3d 938, 941 (8th Cir. 2009). First, a movant must show that his counsel's performance was so deficient that it was objectively unreasonable. Strickland, 466 U.S. at 687-88. Because "[t]here are countless ways to provide effective assistance in any given case" and

9

different attorneys "would not defend a particular client in the same way," the court reviews the performance of defense counsel with significant deference. Id. at 689. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. Second, a movant must demonstrate prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694.

Norvell first argues that his trial counsel was ineffective for failing to object to the government's breach of the plea agreement. Aside from failing to correct the specific guidelines provision relied on by the government, Norvell's counsel advocated zealously for his client and within the bounds of professional competence. Even if such a technical error were sufficient to establish a constitutional deficiency, Norvell has not shown prejudice. The court specifically noted that it would have imposed the same sentence even if Norvell's arguments had been successful and the enhancement had not been applied. The same analysis and conclusion applies to counsel's failure to raise the issue on appeal.

Norvell also argues that his appellate counsel was ineffective in failing to address his trial counsel's error in calculating his criminal history score. The plea agreement indicates that the parties believed Norvell to be in criminal history category V or

VI, when he was he was in fact in category III. ECF No. 83, ¶ 7i. This argument is meritless. The plea agreement expressly states that the criminal history provision is tentative and not a stipulation. Id. Moreover, at sentencing, the court determined that Norvell was in criminal history category III, thus nullifying any perceived error in the plea agreement.[4]  Sent. Tr. at 124. As a result, Norvell has not established that his appellate counsel was ineffective.

### III. Certificate of Appealability

To warrant a certificate of appealability, a defendant must make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). As discussed, the court is firmly convinced that Norvell's claim is baseless, and that reasonable jurists could not differ on the results given the nature of defendant's arguments. A certificate of appealability is not warranted.

---

[4] At sentencing, the court noted that Norvell's criminal history was likely understated and that it would have entertained an upward departure motion under U.S.S.G. § 4A1.3 had one been brought. Sent. Tr. at 64-65.

11

**IV. Application to Proceed In Forma Pauperis (IFP)**

With regard to the IFP application, the court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). No fee is required, however, to file a § 2255 petition. United States v. Benson, No. 13-1935, 2014 WL 1478438, at *1 n.1 (D. Minn. Apr. 16, 2014). Norvell's application is denied as moot.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to vacate, set aside, or correct sentence [ECF No. 179] is denied;

2. Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability; and

3. The application to proceed in forma pauperis [ECF No. 182] is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  October 6, 2014

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court