```
            UNITED STATES DISTRICT COURT
               DISTRICT OF MINNESOTA
            Criminal No. 11-260(1)(DSD/LIB)
```

United States of America,

       Plaintiff,

v.                                                              **ORDER**

Jeremy Dionne Norvell,

       Defendant.

    Allen A. Slaughter, United States Attorney's Office, 316 North Robert Street, Suite 104, St. Paul, MN 55101, counsel for plaintiff.

    Katherian D. Roe, Office of the Federal Defender, 300 South 4th Street, Suite 107, Minneapolis, MN 55415, counsel for defendant.

This matter is before the court upon the motion by defendant Jeremy Dionne Norvell for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

**BACKGROUND**

On October 12, 2012, the court sentenced Norvell to 188 months' imprisonment, the top of the guidelines range of 151 to 188 months, following his guilty plea to conspiracy to distribute oxycodone, oxymorphone, and marijuana. On October 13, 2016, Norvell moved for a reduction in his total sentence pursuant to Amendment 782 of the Guidelines. The government opposes the motion.

**DISCUSSION**

The court may modify a term of imprisonment when the Sentencing Commission subsequently lowers a sentencing range. 18 U.S.C. § 3582(c). In 2014, the Sentencing Commission promulgated Amendment 782, which retroactively reduces the base offense level for many drug offenses by two levels. See U.S. Sentencing Commission Guidelines Manual § 1B1.10; 2D1.1(c) (2014); id. app. C, amend. 782.

In considering a reduced sentence, the court first determines the guidelines range that would have applied if the relevant amendment had been in force at the time of the original sentencing. See id. § 1B1.10(b)(1); United States v. Hasan, 245 F.3d 682, 684–85 (8th Cir. 2001) (en banc) (citation omitted). The court then determines whether and to what extent to reduce a defendant's sentence. See Hasan, 245 F.3d at 685. In making this latter determination, a court must consider the factors set forth in § 3553(a) and public safety considerations and may consider a defendant's post-sentencing conduct. See 18 U.S.C. § 3582(c); U.S. Sentencing Commission Guidelines Manual § 1B1.10 cmt. n.1(B). "[A] new lesser sentence is not to be automatically awarded." Hasan, 245 F.3d at 685.

The parties agree that Norvell is eligible for a reduction under Amendment 782. At sentencing, Norvell's guidelines range was 151-188 months. The amended guidelines range is 121 to 151 months,

and Norvell requests a sentence of 121 months. The government opposes any sentence reduction and, if a reduction is granted, opposes any sentence below 151 months.

Step two of the analysis requires the court "to decide whether to give the defendant the benefit of that particular reduced sentence (as determined in step one of the analysis)." Hasan, 245 F.3d at 685. A "court retains the discretion to determine whether to resentence the defendant within the new lower range." Id. In making this discretionary determination, the court "considers the facts before it at the time of the resentencing, in light of the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, and it may thus reduce the original sentence to the point determined in step one as long as the reduction is consistent with applicable policy statements of the Sentencing Commission." Id.

After reviewing the file and the parties' submissions, the court finds that a sentence reduction to 151 months is warranted. In making this determination, the court has balanced Norvell's offense, criminal history, pre-arrest flight, and post-plea conduct with his commendable rehabilitative efforts during his incarceration. The new sentence imposed is appropriate and reasonable in light of the considerations set forth in 18 U.S.C. § 3553(a) and commensurate with the originally imposed sentence.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion for sentence reduction pursuant to 18 U.S.C. § 3582(c) [ECF No. 205] is granted;

2. Defendant is sentenced to a total of 151 months' imprisonment; and

3. All other provisions of the original sentence imposed shall remain in effect.

Dated: November 28, 2016

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court